## Atherholt et al. v. De Muth et al.

*Joseph Klapp Nicholls*, for plaintiffs; *Joseph L. Wase*, for defendants.

SMITH, J., Nov. 24, 1930.—This action was instituted by a bill in equity, wherein the plaintiffs averred that Bernard MacMackin, by indenture dated June 25, 1915, and duly recorded, conveyed unto Robert Ferguson, *inter alia,* a lot of ground, situate on the north side of Latona Street, beginning at a point 101 feet 6 inches east of the east side of Sixtieth Street, in the City of Philadelphia; thence extending north at right angles to Latona Street 101 feet 6 inches to a three feet wide alley running east and west from the west side of Fifty-ninth Street north of Latona Street; thence east along the south side of said alley 421 feet 7¾ inches to the west side of Fifty-ninth Street; thence south along Fifty-ninth Street 95 feet and ¾ of an inch to the northwest side of Baltimore Avenue; thence southwest along the northwest side of Baltimore Avenue 11 feet and ½ of an inch to the north side of Latona Street; and thence west along the north side of Latona Street 478 feet 7½ inches to the place of beginning, under and subject to conditions and restrictions that the land should not be divided into lots of less than a width of 16 feet in front, and that all buildings to be erected on the ground should front on Latona Street, excepting that three stores and dwellings, or store-flats, might be erected on the triangle formed by Latona Street and Baltimore Avenue; that the fronts on Latona Street should be finished generally as dwellings; that the store front doors or entrances must be on Baltimore Avenue; and that no buildings should be erected except private dwellings, except the three stores and dwellings, or store-flats, to be erected on the triangle; but the grantees, their heirs and assigns, were given the right of building stores and garages

on the portion of a lot included in the same deed, fronting on Baltimore Avenue; that by sundry conveyances the land became vested in the plaintiffs; that dwelling houses were erected on the lots of ground and occupied as residences by plaintiffs or their tenants; that the conveyances to plaintiffs were subject to the restrictions; and that they are entitled to enforce the restrictions against all other owners of property constituting a portion of the tract conveyed by MacMackin; that there was conveyed to Reinhold Edelschein, one of the defendants, a lot of ground on the north side of Latona Street, beginning at a point at the intersection of the north side of Latona Street with the northwest side of Baltimore Avenue; thence extending west on the north side of Latona Street 45 feet 1⅜ inches; thence north on a line at right angles to Latona Street 84 feet 1⅞ inches to a point on the southwest side of Fifty-ninth Street; thence southeastward along the southwest side of Fifty-ninth Street 95 feet and ¾ of an inch to the northwest side of Baltimore Avenue; thence southwestward along the northwest side of Baltimore Avenue 11 feet and ½ of an inch to the place of beginning. That the lot bounded on the south by Latona Street, on the east by Fifty-ninth Street, and by the three feet wide alley on the north is strictly residential in character, and that it will be of great advantage to plaintiffs to enforce the restrictions; that the lot of Edelschein immediately adjoins the property of Margaret D. Atherholt, one of the plaintiffs, at No. 5903 Latona Street, and is in the immediate vicinity of the properties belonging to the other plaintiffs; that the defendants have commenced tearing down and removing the dwelling house erected on the lot belonging to Edelschein, to erect a public service gasoline and oil station; that work is proceeding, and, unless restrained, they will continue the erection of a public service gasoline and oil station, which, according to the plans, will cover a large part of the lot, and be of the character of such stations usually erected in the City of Philadelphia, consisting of a central building or office, with underground tanks for holding gasoline, and other tanks above ground for holding oil, and will consist of apparatus for pumping gasoline from the tanks and supplying it to motor cars; that the whole will be illuminated by brilliant lights at night; and plaintiff is informed that the public service gasoline and oil station will be leased by the defendant, Reinhold Edelschein, to the Texas Company for the purpose of operating a public service gasoline and oil station.

It is averred in the bill that the operation of the public service gasoline and oil station at this location will be offensive, and that the construction will be of buildings prohibited by the restrictions contained in the deeds of conveyance; that it will be offensive by reason of the fact that a great number of automobiles and heavy trucks will stop there to procure gasoline and oil, horns will be sounded to attract the attendants' attention to get service, and drivers will race their motors when starting and backing into place before the gasoline pumps, thereby making loud and disturbing noises; heavy trucks starting and stopping will cause serious vibrations to plaintiffs' premises; lifting and dropping of heavy hoods and tools and the explosion of gas from the rear of machines will cause offensive noises; great quantities of fumes and noxious odors from burnt gasoline, oil, smoke and carbon monoxide will be emitted, annoying and offending plaintiffs; these continuous and annoying odors will be present by night as well as by day and make it difficult for persons in the same neighborhood, including plaintiffs, to sleep and secure rest in the rooms in the premises which face Edelschein's premises.

It is further averred that plaintiffs served notice upon the defendants that the construction and operation of a public service gasoline and oil station at

this location will be in violation of the building restrictions, and that plaintiffs would seek legal means to prevent it.

The bill contains prayers for an injunction and for general relief.

Upon motion, after hearing, a preliminary injunction was issued, restraining defendants until final hearing from constructing on the lot No. 5901 Latona Street, or conducting thereon, a gasoline or oil station for the service of motor vehicles belonging to the public. Security was entered in the sum of $5000.

A joint answer was filed by the defendants, Edelschein and Edgar De Muth, in which it was denied that the defendants intended to or were violating the restrictions, and averred that the lot of defendants is not correctly described in the bill of complaint, but that it faces the southeast side of Baltimore Avenue and the northeast side of Fifty-ninth Street, and does not in fact face any portion of Latona Street and could not rightfully be regarded as a portion thereof; that it should be described as comprised within the area covered by the three feet wide alley, by the Cobbs Creek Parkway, and Latona Street and Fifty-ninth Street on the north and east sides, and by the line of the Pennsylvania Railroad on the south side, and by the line which would run through the west wall of premises Nos. 5927 and 5914 Latona Street, through Latona Street and Baltimore Avenue to the railroad.

It is denied that the neighborhood surrounding the property is residential in character.

It is further averred in the answer that the restrictions have already been violated in that the triangle formed by Baltimore Avenue and Latona Street, according to the restriction, should have contained three stores and dwellings, but now contains four stores and dwellings; that the buildings should have been finished generally as dwellings, but Nos. 5901 and 5903 Baltimore Avenue have mercantile windows that have been boarded by the American Stores Company in violation of the restriction on Latona Street.

It is averred that the gasoline and oil station is to be strictly for the sale of gasoline and oil, and will not be used for repairing automobiles, tires, etc.; that it will be leased to the Texas Company for operation as a public gasoline and oil station. It is denied that the lights will in any way affect the neighborhood, and averred that the illumination will be invisible to tenants and occupiers of the houses on Latona Street; and that the station will be of artistic design and the construction a benefit to the neighborhood.

It is denied that the erection of the contemplated building or operation of a public gasoline and oil station will be offensive or in violation of any law or restriction.

An answer was filed by the Texas Company, in which the averments in the answer of De Muth and Edelschein were adopted as its own, and denied that the erection and operation of the public gasoline and oil station on the property in question will violate the Ordinance of City Council approved Jan. 30, 1923, as amended July 10, 1928; and denied that the ordinance prohibits the erection and construction or alteration of any building to be used as a public garage or for commercial purposes within the entire 200 feet area; and averred, on the contrary, that the ordinance prohibits such construction on land abutting on thoroughfares only and not upon adjoining property within the area, and that the property does not abut on Cobbs Creek Parkway.

It is further denied that the erection, construction or operation of a gasoline station is in violation of any restriction or law.

Baltimore Avenue, running generally in easterly and westerly direction in West Philadelphia, crosses Fifty-ninth Street at right angles. Bisecting this

90-degree angle and running to the west is Latona Street. This produces, at the northwest corner of Fifty-ninth and Latona Streets, a triangular property having its hypothenuse on Fifty-ninth Street, its altitude as a party line to the residential property located on the northern side of Latona Street to its west, and its base the north side of Latona Street, with its southeasternmost angle touching Baltimore Avenue.

BALTIMORE AVENUE

In a proceeding in equity the plaintiffs, being owners and residents of Latona Street and the owner of No. 5900 Cobbs Creek Parkway, asked for a perpetual injunction, restraining the defendants, their agents, etc., from constructing and operating a gasoline and oil service station on the property located at No. 5901 Latona Street. The court had issued a preliminary injunction. The case came on for a final hearing, when testimony was taken. The chancellor, after hearing the testimony and viewing the site and neighborhood, issued an injunction, restraining the defendants, their agents, etc., from erecting, constructing and operating a public gasoline and oil station on No. 5901 Latona Street, Philadelphia. The defendants have filed forty exceptions to the chancellor's rulings and findings of fact and conclusions of law.

There are two questions involved: (1) Is the neighborhood a residential one, where the construction and operation of a public gasoline and oil station would constitute a nuisance; and (2) would such a construction and opera-

tion violate certain building restrictions established by the original grantor in 1915?

The testimony shows that Latona Street and Cobbs Creek Parkway are strictly residential in character and that Baltimore Avenue and Fifty-ninth Street south of Baltimore Avenue have a mixture of residences, stores and garages.

The chancellor has found that the site upon which the defendants desire to construct and operate a gasoline and oil station is in a residential section and is governed by the terms of the restrictions contained in the deed of Bernard MacMackin, under date of June 25, 1915, and recorded in Deed Book E. L. T. 492, page 464, etc. He has, furthermore, found that such proposed gasoline and oil station in a residential section is a nuisance *per se*.

An examination of the testimony and of the site itself shows that the chancellor was justified in his finding that this particular section is residential in character. The mere fact that there are stores or garages on Baltimore Avenue more remote than this site does not destroy the plaintiffs' right to the protection to which they are entitled under the law.

In Krocker *v.* Westmoreland P. Mill Co., 274 Pa. 143, Mr. Justice Walling (at page 146) said:

"So long as the more remote industrial developments have not destroyed the quiet and cleanliness of plaintiffs' homes, they are entitled to protection from this immediate encroachment which does."

A reading of the restriction contained in the deed and an examination of the site in question shows that it comes within the terms of that restriction and that the chancellor was justified in his finding.

In the case of Hoffman and MacMackin *v.* Parker, 239 Pa. 398, where one of the plaintiffs is the original grantor of this tract of land, it will be observed that the property was then regarded as residential.

The mere fact that one of the angles touches Baltimore Avenue does not take it out of the terms of the restriction nor change its residential character.

The exceptions, 1 to 40, inclusive, filed by the defendants are dismissed.