# Peoples-Pittsburgh Trust Company *v.* McKinley-Gregg Automobile Company, Appellant.

Submitted September 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Maurice Chaitkin,* for appellant.

*Charles F. C. Arensberg, George W. Richards, Jr.,* and *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, October 30, 1945:

In this case the question at issue was the marketability of the title to a certain parcel of real estate on Center Avenue, Pittsburgh. The real estate are identified as lots 41, 42, 43 and 44 in the "Mellon Plan" of the Baum Grove property situate in the Eighth Ward of Pittsburgh on the northerly side of Center Avenue. The "Plan" shows a dotted line thirty-five feet back from the northerly line of Center Avenue, with the inscription: "Dotted lines represent the line to which all buildings are to be erected." The purpose of this restriction was to create a residential district, in which all houses erected on the plot would be set back a uniform distance from the street.

Since this restriction was created there has been a change in the use of property in the area under consideration. The land on the northerly side of Center Avenue is now zoned as "commercial" and the property on the southerly side of the street is zoned "light industrial." A number of buildings used for commercial purposes have been erected on the northern side of Center Avenue, without conforming to the dotted line on the "plan" and without objection from any person owning property on the lots included in the plan. The court below said: "it would be unjust and inequitable to hold that this building restriction is still effective, particularly since the same is of no practical utility today and would prohibit the use of the land under the present building ordinances: *Henry v. Eves et al.,* 306 Pa. 250," 159 A. 857.

The court below concluded as a matter of law that the dotted line above described is not now effective or enforceable as a building restriction and that the deed tendered to defendant for lots numbered 41, 42, 43 and 44 in the plan mentioned conveys to defendant a good and marketable title to those lots. A final decree in accordance with their conclusions was entered.

The decree is affirmed at appellant's cost.