Haskell, Appellant, *v.* Gunson.

Argued November 13, 1957. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

*Michael H. Egnal,* for appellants.

*Charles L. Guerin, Jr.,* for appellees.

Opinion by Mr. Justice Musmanno, January 8, 1958:

On July 13, 1954, Dr. John J. Gunson purchased a house located at Larchwood Avenue and Forty-sixth Street in the 46th Ward of the City of Philadelphia,

the conveyance containing the restriction that the building was not to be used "for any purpose other than that of a private dwelling house."

Despite this restriction, Dr. Gunson, immediately after acquiring the premises, prceeded to make plans to convert certain portions of the house into a dentist's office and practice his profession there. The plaintiffs filed a complaint in equity to enjoin him from carrying out those intentions. The lower Court refused the injunction and said: "If it was the intention of the creator of the restrictions involved in this proceeding to forbid the the use of part of any dwelling house as a dental office, appropriate language could have been utilized to effectuate such a purpose." But that is exactly what the creator of the restrictions did. He specified with biblical clarity that the house was to be used *only* as a "private dwelling house." A dental office can in no manner of means be interpreted to mean a dwelling house. The extracting, replacing, grinding, and polishing of teeth have nothing in common with the maintenance, upkeep, harmony, comfort, love, and happiness associated with a family house.

The question involved here was so comprehensively and ably discussed by Chief Justice STERN when he was a judge of the Court of Common Pleas of Philadelphia County, that we reproduce here and cite with approval portions of his opinion in the case of *Hogan v. Rose,* 14 D. & C. 256: "The question in the present case, therefore, resolves itself into this: If the defendant Rose be allowed to use the proposed addition to his property as a suite for dental offices, is such use of such part of his building a use for a purpose other than that of a private dwelling house?

"In the opinion of the court, using the new addition to the building for purposes of professional practice

as a dentist would not be a use for the purposes of a private dwelling house. It is true, as above pointed out—and this distinction must be kept in mind, for it aids in clarifying the authorities which have been cited on this subject—that the building as a building, that is to say, as a physical structure, would still remain of the nature of a private dwelling house, but part of it would be devoted to a use other than for such purpose. Use as a private dwelling house means use by way of living, eating, sleeping and enjoying the various intellectual and social diversions incident to private family life. The practice of a profession, however, is, in part at least, for the purpose of gain. It is similar in that respect to the carrying on of a business or trade. It is no answer to say that doctors, lawyers and dentists frequently conduct their offices in their homes. To the extent to which they do this (at least habitually, regularly and continually), they are using part of their dwelling houses for other than dwelling house purposes.

"Suppose a dentist were to carry on his profession in a suite of offices in a professional office building. In such case it is clear that he would not be occupying such offices for dwelling house purposes. If, then, he transferred his work from such offices to his dwelling house, in other words, simply transferred the offices in the office building to offices in his home, it would follow that he would not be using the part of his house in which he thus conducted his professional work for dwelling house purposes.

"If the tenant of a house ran a store therein with a bulk window front, the building itself could not be classed as a private dwelling house. If he abolished the store front and made the house architecturally a dwelling house, but, nevertheless, habitually sold merchandise in one of the rooms of the house, then, while

the house would still be a private dwelling house in the physical sense, part of it would be devoted to a purpose other than that of a private dwelling."*

In support of his decree dismissing the complaint in equity, the Chancellor noted that: "The Philadelphia Zoning Ordinance specifically permits the 'erection, construction, alteration or use of buildings' for the 'office of physician, dentist or other professional person when situated in the dwelling of such physician, dentist or other professional person and incidental to the main purpose of residence' in 'A' Residential Districts, the most restricted of all districts. . . ." It is to be observed, however, in this respect that a gulf of difference separates a zoning regulation from a covenant restriction. What a covenantor specifically demands of the person to whom he sells his property has nothing to do with what the community, through municipal regulation, exacts of every property owner. In *Michener Appeal*, 382 Pa. 401, 404, we quoted approvingly from Bassett on "Zoning," as follows: " '. . . Zoning regulations and private restrictions do not affect each other . . . It is obvious that the zoning and the private restrictions are unrelated. One is based on the police power, the other on a contract . . . Courts in trying a zoning case will ordinarily exclude evidence of private restrictions, and in trying a private restriction case will exclude evidence of the zoning. This is done on the grounds of immateriality.' "

Nor can it be argued that the creator of the covenant must have had the provisions of the ordinance in mind in creating the restriction. The covenant was entered into in 1920; the zoning ordinance was enacted in 1933. Furthermore, certain uses are permitted in a

---

* This case was cited with approval in *Auerbacher v. Smith*, 92 A. 2d 492, 498 (1952-N.J.).

residential area under the zoning ordinance *because the ordinance makes express provision for such use.* The agreement here in question contains no such provision. Instead, it unequivocally and with no exceptions states that the building shall not be used for any purpose other than that of a private dwelling house with private garage. The fact that the covenant specifically prohibits other uses does not minimize the importance of the mandate that the building is to be used only as a private dwelling.

Thus, it was not necessary, as the Court below evidently believed, that in order to effect exclusion of a dentist's office, the specific profession had to be spelled out.

The case of *Hoffman v. Parker,* 239 Pa. 398, cited in behalf of the defendants does not support the principle they contend for. In the *Hoffman* case, which is clearly distinguishable from the one at bar, the covenant restricted *the erection* and not the use of any buildings other than dwellings; *Kauffman v. Dishler,* 380 Pa. 63.

The decree of the Court below is reversed with direction that a decree be entered in accordance with this opinion, costs to be divided equally between appellants and appellees.