## Parker *v.* Hough, Appellant.

8

Argued November 12, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold E. Martin,* for appellants.

*Charles B. Grove, Jr.,* with him *May, Grove & Stork,* for appellees.

*Robert M. Booth, Jr.,* with him *Booth & Lovett,* for amicus curiae.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1966:

Defendants appeal from the Final Decree of the Court below which granted plaintiffs the injunctive relief they sought. Appellants were defendants in an equity action brought by plaintiffs-appellees to restrain appellants from an alleged violation of building restric-

tions to which the property of appellants and of the Chrysts were subject.

The American Radio Relay League, Inc., intervened in the proceedings before us, and filed a brief in support of the position of the defendants-appellants.

Parker and Cochran are the owners and developers of a residential area in Lancaster County known as "Golden Acres". They sold to the Chrysts who are co-plaintiffs, and to the Houghs who are the defendants two adjacent, but not adjoining, lots in Golden Acres. The Chrysts' lots and the Houghs' lots and all lots in that development were sold subject, inter alia, to the following building restrictions:

"1. *Single Family Unit Dwelling:* No structure other than a single family unit dwelling shall be erected on any building lot; provided, however, that a one, two, or three car attached or detached garage may be erected on any lot on which a dwelling has been or is being erected. Also a small tool house, play house, outdoor fireplace, or paved outdoor living area with adjacent fences, arbors, etc., provided such enumerated structures do not exceed twelve (12) feet in height, may, subject to approval, be erected."

"10. *Signs:* There shall be no billboards or any other *objectionable\** structures erected or maintained upon any lot."

"15. *Violation of Provisions herein Contained:* The violation of any of the provisions herein contained is hereby declared and agreed by the acceptance of a deed for any lot to be a nuisance which may be remedied by appropriate legal proceedings. . . ."

The Chancellor found that defendant-appellant Hough is a so-called ham radio operator, licensed as such by the Federal Communications Commission. His activity in that field is a hobby and is not pursued for

---

\* Italics throughout, ours.

commercial purposes. In order for Hough to send and receive extensive radio messages and signals, he has erected on his premises a triangular *radio tower* having a base with three 27-inch sides. This tower may be raised and lowered, but normally is maintained *at a height of 50 feet above the ground,* and has a TV antenna on the top. It is constructed of steel of sufficient strength to withstand a very high wind. Moreover, the tower is covered with wires and has 12 feet long horizontal cross members. . . .

The Chancellor pertinently found: "The tower is unsightly and objectionable . . . . The development in which the Chrysts and Houghs live is strictly a residential neighborhood of better than average homes : . . . Conditions have not changed since the parties purchased their lots and built their homes . . . . Most dwellings, including that of the Chrysts, have conventional T.V. antennas erected on or above the roofs of the dwellings, and it would be difficult to sell a lot in the development if T.V. antennas were forbidden." The Chancellor then concluded (a) that the maintenance of the radio tower by defendants-appellants is in violation of the aforesaid restrictive covenants running with the land; (b) that plaintiffs-appellees have a substantial interest in the maintenance of such covenants in order to protect their prized restricted home and their highly residential non-business neighborhood of better than average homes; and (c) that plaintiffs are entitled to the equitable injunctive relief they sought.

An owner of property in this Commonwealth has a tremendously prized and fundamental Constitutional right to use his property as he pleases, subject to certain exceptions hereinafter set forth. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 371-372, 200 A. 2d 408; *Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 87, 188 A. 2d 709; *Key Realty Co. Zoning Case,* 408 Pa. 98, 104, 182 A. 2d 187; *Siciliano v. Misler,* 399 Pa.

406, 409, 160 A. 2d 422; *Sandyford Park Civic Assn. v. Lunnemann,* 396 Pa. 537, 539, 152 A. 2d 898; *Lened Homes, Inc. v. Department of Licenses,* 386 Pa. 50, 54, 123 A. 2d 406; *Lord Appeal,* 368 Pa. 121, 125, 81 A. 2d 533.

As the Court aptly said in *Cleaver v. Board of Adjustment,* 414 Pa., supra (pages 371-372) : " '. . . " 'An owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include a right to use his own home [or property] in any way he desires *provided he does not* (1) violate any provision of the Federal or State Constitutions; or (2) create a nuisance; or (3) *violate any covenant, restriction* or easement; or (4) violate any laws or zoning or police regulations which are constitutional.' " . . .' "

The lower Court decided, as above noted, that defendants violated the covenant and restriction in their deed.

Appellants rely upon *Jones v. Park Lane For Convalescents, Inc.,* 384 Pa. 268, 120 A. 2d 535, where the Court, speaking through former Chief Justice STERN, correctly said (pages 271-272) : "In order properly to consider and determine the question involved it is important at the outset to have in mind the applicable legal principles that have been enunciated, frequently reiterated, and consistently applied, through a long succession of cases decided by this court. However variously phrased, they are, in substance, that restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be

construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner." See to the same effect, *Ratkovich v. Randell Homes, Inc.,* 403 Pa. 63, 68, 169 A. 2d 65; *Siciliano v. Misler,* 399 Pa., supra; *Food Fair Stores, Inc. v. Kline,* 396 Pa. 397, 401, 152 A. 2d 661; *Sandyford Park Civic Assn. v. Lunnemann,* 396 Pa., supra.

Appellants and intervenors contend that *the operation of a ham radio station* is not only a lawful, but also a useful and commendable activity which received the approbation of this Court in *Lord Appeal,* 368 Pa., supra, as (a) customarily an incidental "accessory use" of premises *zoned* for residential purposes, and (b) not seriously detrimental to a residential neighborhood. This contention misses entirely the fact that what was involved in *Lord Appeal* was a borough *zoning ordinance, not a building restriction,* and that there is all the difference in the world between the two. In one case the Government, through its police power (and for what it believes is the public interest) is regulating and interfering with the owner's Constitutionally ordained right to a reasonable use of his property; in the other, the property owner himself has voluntarily assumed, by contract, an obligation restricting its use and waiving any Constitutional right of property he may possess. This difference was pointedly recognized in *Haskell v. Gunson,* 391 Pa. 120, 123, 137 A. 2d 223, where the Court said, inter alia (page 123) : ". . . a gulf of difference separates a zoning regulation from a covenant restriction." See also *Mazeika v. American Oil Co.,* 383 Pa. 191, 194, 118 A. 2d 142; and *Michener Appeal,* 382 Pa. 401, 404, 115 A. 2d 367.

Appellants next contend that Building Restriction No. 10 contains no definition of or standard for an "objectionable" structure, and hence is indefinite and ambiguous and therefore unenforceable. Where the language of a deed or a restriction is not clear, then in

order to ascertain the intention of the parties its language should be interpreted in the light of the subject matter, the apparent object or purpose of the parties, and the conditions existing when it was made. *Baederwood, Inc. v. Moyer*, 370 Pa. 35, 40, 87 A. 2d 246, and many cases cited therein. See to the same effect, *Brookbank v. Benedum-Trees Oil Co.*, 389 Pa. 151, 131 A. 2d 103; *Di Carlo v. Petrillo*, 387 Pa. 212, 127 A. 2d 657; *Price v. Anderson*, 358 Pa. 209, 220, 56 A. 2d 215.

Appellants further contend that far from barring their right to maintain a radio tower, *restriction No. 1* (quoted above) *specifically permits* such a structure. They say that the word "etc." following the enumeration of permitted accessory structures in that restriction provides "conclusive proof" that the intention of the parties, as expressed in the restriction, was to permit structures, including television antennas and *radio towers*, which are *"customarily* incidental to dwellings". The word "etc." is undoubtedly used in these deeds in the connotation of ejusdem generis—cf. *Fleck v. Harmstad*, 304 Pa. 302, 309, 155 Atl. 875—and cannot possibly be stretched to mean or include a 50-foot high radio tower. It is clear that such a tower with or without the antenna on top, does not fall within the following permissive structures: "a small tool house, play house, outdoor fireplace, or paved outdoor living area with adjacent fences, arbors, etc., provided such enumerated structures do not exceed twelve (12) feet in height, . . . ."

We find no laches in appellees' delay in instituting the instant proceeding for three months after the tower was erected, or in their failure to take legal action to restrain a receiving and sending system based on three *12-foot* poles.

We find no merit in any of appellants' contentions.

Decree affirmed at appellants' cost.

Mr. Justice JONES concurs in the result.