## Larkin v. McGeehan

*Paul A. Florenz,* for plaintiffs.
*Donald J. Rodenbach,* for defendant.

DIEFENDERFER, *J.,* October 20, 1983—This case comes before the court as a declaratory judgment proceeding which was commenced by the parties upon stipulated facts by the filing of an agreement for an amicable action. The issue to be determined is whether defendants' proposed construction of a two-building, ten-unit[1] condominium would violate a deed restriction which permits the erection of ". . . only residences . . . on lots only having a frontage on either streets or avenues of not less than fifty (50) feet."

Plaintiffs, as seller, and defendants, as purchaser, entered into an agreement of sale for a parcel of land located in the City of Bethlehem, Lehigh County. The lot has a frontage of 247 feet on Thirteenth Avenue and frontage of 231 feet on Calypso Avenue. This parcel is subject to the following deed restriction dating from 1911:

Subject, however, to the condition or reservation that the said Grantees, their heirs, executors, administrators, or assigns may erect or cause to be erected on or within the described premises, only residences equipped with all modern improvements and on lots only having a frontage on either streets or avenues of not less than fifty (50) feet and shall in no event or under any contingency erect or cause to be erected any building or buildings whatsoever

---

[1] At argument, the parties indicated that the condominium may contain only eight or nine units, rather than ten units. This difference in the number of proposed units is not important to the resolution of this case.

within twenty-five (25) feet of the front of the 13th and Calypso Avenue boundary lines of these premises, or any street or avenue that may be laid out through the within described premises including proposed extension of 'Parkway' (now Prospect Avenue).[2]

Defendants intend, upon purchase of the real estate, to construct a ten-unit condominium thereon. Plaintiffs claim that this construction will not violate the deed restriction; defendants contend that the construction will violate the fifty feet frontage requirement of the above restriction. The agreement of sale between the parties is contingent upon the elimination of the deed restriction. For the reasons which follow, we hold that the proposed construction does not violate the deed restriction.

42 Pa. C.S.A. §7533 of the Declaratory Judgments Act[3] provides in pertinent part:

"Any person interested in a deed, . . ., may have determined any question of construction or validity arising under the instrument, . . ., and obtain a declaration of rights, status, or other legal relations thereunder."

The interpretation of the deed restriction in this situation is not an advisory opinion, nor is it a determination of rights in anticipation of an event which may never occur. Contra Wolf v. Cline, 12 D. & C. 3d 346 (1979). The enforcement of the agreement of sale rests directly upon the results of this adjudication. Accordingly, a declaratory judgment action is the proper form of action by which to interpret the deed restriction.

---

[2] Office of the Recorder of Deeds, Lehigh County, Deed Book Vol. 260 Page 519.

[3] Act of July 9, 1976, P.L. 586, §2,effective June 27, 1978, 42 Pa. C.S.A. §7531 et seq.

Certain legal principles have consistently been applied in dealing with restrictions on the use of land. Such restrictions are:

"[N]ot favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner. Restrictions limiting the right of the owner to deal with his land as he may desire fall naturally into two distinct classes, the one consisting of restrictions on the type and number of buildings to be erected thereon, and the other on the subsequent use of such buildings. The restrictions in the former class are concerned with the physical aspect or external appearance of the buildings, those in the latter class with the purposes for which the buildings are used, the nature of their occupancy, and the operations conducted therein as affecting the health, welfare, and comfort of the neighbors. A building restriction and a use restriction are wholly independent of one another and in view of the legal principles above stated, the one is not to be extended so as to include the other unless intention to do so is expressly and plainly stated; to doubt is to deny enforcement." Joes v. Park Lane For Convalescents, Inc., 384 Pa. 268, 272-73, 120 A.2d 535, 537-38 (1956).

The restriction in the present case is a building restriction as opposed to a use restriction. See Jones v. Park Lane For Convalescents, Inc., supra; Kauffman v. Dishler, 380 Pa. 63, 10 A.2d 389

(1955); Hamnett v. Born, 247 Pa. 418, 93 A. 505 (1915); Hoffman v. Parker, 239 Pa. 398, 86 A. 864 (1913).

In Snyder v. Factory Automated System Techniques, Inc., 51 D. & C. 2d 345 (1970), the court construed a deed restriction which provided that 'no building other than a residence shall be erected on said lot, . . ." followed by a use restriction "that neither said lot nor any building erected thereon shall be used for any commercial purpose." The first restriction was held to be a building restriction. It was further held that the restriction did not expressly prohibit the erection of more than one structure on a lot; it limited the type of structure that could be erected but not the number. The construction of forty dwelling units within 18 structures was therefore permitted.

In accordance with the prevailing case law, the question of whether a condominium is a residence must be answered in the affirmative and we hold that the proposed condominium is a residence within the meaning of the deed restriction involved herein.

The next issue to be resolved is whether the proposed condominium construction would violate the restriction requiring residences to be erected "on lots only having a frontage on either streets or avenues of not less that fifty (50) feet." Defendants contend that each residence must be on its own lot and each lot must have 50 feet of frontage; condominium units do not have any such frontage due to their nature as units within a single larger structure, and are therefore prohibited by the deed restriction. Plaintiffs argue that the "residence" which must be built on a lot with a least fifty (50) feet frontage is the entire ten-unit condominium, and that due to the joint ownership of the common ele-

ments, there is one "lot", jointly owned, with sufficient frontage.

In Weidle et ux. et al. v. Bustleton Development Corporation, 26 Bucks 105 (1972), defendant proposed to build two six-unit townhouse structures on a tract of land subject to the following deed restrictions: "Nothing other than private residences and private garages or other such private buildings shall be erected on any part of the subdivision. . . . No building shall be erected on any lot having less than 63 feet frontage . . ." Each of the townhouse structures was to be approximately 120 feet in length on its respective parcel of not less than 158 feet of frontage. The court held that the restrictions in question, including the frontage restriction, were building restrictions rather than use restrictions, and further held that the erection of each of the two townhouse structures would be the fabrication of a "building" and each "building" would be on a "lot" with more than 63 feet of frontage. "The fact that each such building [would] be *used* for six dwelling units [was] not within the interdiction of the restriction." (Emphasis added.) *Id.* at 113.

In Shapiro v. Levin, 223 Pa. Super. 535, 302 A.2d 417 (1973), the erection of an eight-unit townhouse complex was held to violate a deed restriction which prohibited the erection of more than "one dwelling house."

The deed restriction in the present case is not as narrow as the restriction in Shapiro, supra, yet not as broad as the restriction in Weidle, supra. The restriction must be construed in light of the aforementioned legal principles; thus, we hold that the proposed condominium construction does not violate the deed restriction requiring frontage of 50 feet. "Residences", as used within the restriction, encompasses multiple family residences. Each of the

two condominium buildings in question will have the required frontage of 50 feet. The deed restriction is a building restriction only and should not be extended to include a use restriction; thus, the fact that each "residence" will be inhabited by more than one family is not determinative. Although the unique nature of condominium ownership differs from that of apartments and townhouses, these ownership characteristics are not controlling in construing the restriction.

The deed restriction in the present case is not unambiguous. In such situations, the restriction is to be construed most strictly against the grantor and every doubt and ambiguity is to be resolved in favor of the owner. If the language of the restriction is unclear, it should be interpreted in light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was made in order to ascertain the intention of the parties. Parker v. Hough, 420 Pa. 7, 12-13, 215 A.2d 667, 670 (1966). The intention of the grantor in regard to the present deed restriction appears to be to require that the property be used as a residence as opposed to commercial or business use. At the time the deed restriction was imposed, 1911, the concept of a condominium was unknown. We feel the proposed construction of a two-building condominium in the present case is in keeping with the intent of the original grantor, in that the buildings will be used as residences, despite the fact that this particular type of residence was not heard of at the time the restriction was imposed.

Alternatively, even if this deed restriction could be interpreted to prohibit the proposed condominium construction, public policy dictates that land will not be "burdened with . . . restrictions . . . in order to sustain the literal or technical observance of a

covenant which for one reason or another has become useless from the standpoint of any practical utility." Price v. Anderson, 358 Pa. 209, 218, 56 A.2d 215, 220 (1948). Where a neighborhood in which property subject to a building restriction is located has so changed in character that the restriction is no longer of practical utility and would prohibit the use of the land under existing zoning ordinances, the restriction is not enforceable. Peoples-Pittsburgh Trust Co. v. McKinley-Gregg Automobile Co., 353 Pa. 110, 44 A.2d 295 (1945). Where enforcement of the literal terms of a covenant would be unreasonable, unjust and impractical, and where the benefit of enforcement would be slight in comparison to the great disadvantage that would enure to the defendants, the restrictive covenant will not be enforced. Rome v. Rehfuss, 391 Pa. 82, 137 A.2d 233 (1958).

In the present case, it is clear that little benefit, if any, would result from the enforcement of the deed restriction. Holy Family Manor, a nursing home, is located directly across the street from the land in question; numerous duplex houses, constructed on lots with less than fifty foot frontage, have been constructed in the immediate area. Further, the Zoning Ordinance of the City of Bethlehem permits the construction of multi-family dwellings on the premises here involved. Upon consideration of the nature of the defendants' proposed construction and in light of the changed conditions in the neighborhood, enforcement of the deed restriction would be violative of public policy.

For the foregoing reasons, we conclude that the deed restrictions do not prohibit defendants' proposed construction of a two-building eight-to-ten unit condominium on the subject premises.

## DECREE NISI

Now, October 20, 1983, after argument, upon consideration of the record and briefs of counsel, and for the reasons set forth in the accompanying adjudication, the following rights of the parties are adjudicated:

The deed restriction, recorded in Deed Book Vol. 260, Page 519, applicable to the subject premises located at Thirteenth Avenue and Calypso Avenue, does not prohibit the construction of a two-building, eight-to-ten unit condominium on said premises, provided each of the two buildings has a frontage of fifty feet on either streets or avenues.

If no exceptions are filed within ten days after notice of this decree shall have been given to counsel for the parties, the clerk of courts, civil division, shall upon praecipe by either party, enter the decree nisi as the final order of this court.