504 A.2d 1327

**George F. SCHREIBER and Nancy C. Schreiber, His Wife, Appellants**

v.

**Louis R. CICCONI and Catherine A. Cicconi, His Wife.**

Superior Court of Pennsylvania.

Argued June 4, 1985.

Filed Feb. 18, 1986.

2

Harry F. Dunn, Jr., Media, for appellants.

Ronald D. Ashby, Media, for appellees.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

BROSKY, Judge:

This case is before us on appeal from the trial court's Order of November 5, 1984, granting appellees' Motion for Post Trial Relief and dismissing appellants' complaint. The sole argument made by appellants is that the trial court en banc erred in its construction of a restrictive covenant. We agree that the court misinterpreted the covenant, and we therefore reverse.

Appellants and appellees are owners of adjoining homes on Pole Cat Road in a community in Glen Mills known as Fox Valley. A Declaration of Conditions and Restrictions dated August 24, 1966, duly recorded in the Office of the Recorder of Deeds of Delaware County, a legally enforceable covenant running with the land, binds both properties. Paragraph 9 of the Declaration provides: "No radio, television or short wave reception Towers may be constructed separate from the main residence Building."

Notwithstanding the above provision, in June, 1983, appellees had television dish reception equipment (a dish antenna) delivered to their property. Appellants and the Fox Valley Community Association, by means of specific discussions and written letters, conveyed to appellees their objections to construction of the antenna. Nevertheless, appellees began construction of the antenna on June 24, 1983, on permanent concrete legs, directly across a lake from appellants' property.

On August 9, 1983, appellants filed a Complaint in Equity to enforce the restrictive covenant and have the antenna dismantled. After preliminary objections were filed and dismissed, appellees filed an Answer, and the parties proceeded to take depositions. Pursuant to a pre-trial conference, the parties agreed to a written Stipulation of Facts

with photographic attachments. After consideration of the parties' proposed findings of fact, conclusions of law, and briefs, the trial court entered a decree nisi, enjoining appellees from maintaining a satellite television dish antenna upon their property separate from their main residence building, and ordering appellees to dismantle the antenna.

Appellees filed a Motion for Post Trial Relief, challenging the trial court's conclusion of law number 5, which found that the television reception dish erected by appellees was a television reception tower within the meaning of the Declaration of Covenants and Restrictions. By opinion and order dated November 5, 1984, the court en banc (with the trial judge and one other judge sitting to decide the post-trial motions) reversed the decree nisi and entered a final decree dismissing appellants' complaint.

In reaching its original conclusion, the trial court found that paragraph 9 of the Declaration was not clear regarding what structures constituted "radio, television or shortwave reception towers." In accord with *Parker v. Hough*, 420 Pa. 7, 215 A.2d 667 (1966), the trial court then attempted to ascertain the intention of the parties imposing the restriction by interpreting the language of the restriction in light of the subject matter of the restriction and the apparent object or purpose of the parties who had imposed the restriction. The court concluded that the subject matter of the restriction was any tower designed to facilitate the reception of radio, television, or shortwave signals; that the apparent object or purpose of the parties imposing the restriction was to preserve the aesthetic quality of the area; and that the construction upon permanent concrete legs of a television satellite reception dish ten feet in diameter would violate the apparent object or purpose of the restrictive covenant.

In reversing the trial court, the court en banc decided that the restriction in question was "unambiguous". Relying on *Burns v. Baumgardner*, 303 Pa.Super. 85, 449 A.2d 590 (1982), for the proposition that restrictions on the use of land must be strictly construed, the court concluded that

the antenna was not a "tower" within the normal usage or understanding of that term. The en banc court did not discuss the common meaning of the word.

In order to obtain a common meaning of the term, we turn to the dictionary definition. Webster's Third International defines "tower" as "a building or structure designed primarily for elevation that is higher than its diameter...." We might find that the dish antenna in question comes within this definition, for it is clearly higher than it is wide, and, although it does not rise above the surrounding trees, the very fact that the dish is mounted on legs indicates that elevation is an intended aspect of its design. We find, however, that the word "tower" is a very general word, somewhat ambiguous, requiring interpretation in order to ascertain the intent of the drafter of the restrictive covenant.

Applying the guidelines set forth in *Parker*, it seems clear that the party imposing the restriction desired to prevent the construction of unsightly structures designed for radio and television reception in this rustic setting of beautiful homes. The word "towers" was undoubtedly used as a general term to include all the types of antennae then in general use for such reception. Had dish antennae been in general use for such purposes, a careful drafter might have chosen a word even broader than "towers" in order to accomplish his purpose. Considering the conditions existing in 1966 and the apparent purpose of the parties, we find that the Declaration's prohibition against radio, television, or short wave reception towers was intended to apply to structures such as the satellite receiver dish in the case before us.

Accordingly, the final decree of the trial court en banc dismissing appellants' complaint is reversed and vacated, and the case is remanded to the trial court for entry of a final decree in conformance with the decree nisi and with this opinion.