Robinson, J.
The sole question for the determination of this court is the interpretation of the words “one dwelling” in the restriction clause “not more than one dwelling shall be erected * * * on said lot.”
The petition alleges that the plaintiff in error “has begun the erection of a double residence building on said lot No. 2627 to be occupied and used by two families in violation and disregard of the aforesaid conditions and restrictions and threatens to and will complete the building of the same and use the same for two families unless enjoined by this court.”
*294 The demurrer admits the truth of the averments of fact of the petition.
It is the contention of the plaintiff in error and is the judgment of the trial court that the words “one dwelling” mean one habitation, one place of abode, and do not necessarily forbid that habitation or place of abode being so constructed as to accommodate more than one family. It is the contention of the defendants in error and is the judgment of the court of appeals that the words “one dwelling” mean a Single dwelling intended for the occupancy of but one family.
The plaintiff in error cites the case of Davis v. State, 38 Ohio St., 505, wherein this court in a criminal case held that the infirmary of Morgan county was a dwelling-house within the purview of the statute defining burglary; the case of James v. Irvine, 141 Mich., 376, wherein it was held that “A building restriction limiting the use of the property to dwellings * * * can. not be invoked to prevent the erection of a double house otherwise complying with the restriction;” the case of Hutchinson v. Ulrich, 145 Ill., 336, involving the following restriction, “It is understood and agreed, as a part of the consideration expressed above, that only a single dwelling is to be constructed or placed upon each fifty-foot lot, and that no building shall be placed upon the east thirty feet of said premises,” where, in construing the word “single,” it was held that “the word ‘single,’ referred to the structure and not to the use that should be made of the building,” and that in such case “the parties holding under such deed had the right to erect a flat or apartment building, upon each of the lots;” the case *295 of Pank v. Eaton, 115 Mo. App., 171, wherein it was held, “The erection of a flat, two stories in height, planned for two families, one on first and one on second floor, is ‘one house’ within the meaning of a restrictive covenant in the owner’s deed providing against the erection of ‘more than one house’ on each lot;” the case of Reformed Protestant Dutch Church v. Madison Avenue Bldg. Co., 214 N. Y., 268, wherein it was held, “Where a covenant in plain and complete language limits the use of real estate to the erection of a certain and general class of buildings by reference to their fundamental purposes, as dwelling houses, the law will not still further extend the restriction by enforcing it against all but a limited variety of such buildings which happened to be in use when the covenant was made,” and that “the term ‘dwelling house,’ used in this covenant, is broad enough to include and permit the erection of an apartment house;” the case of Johnson v. Jones, 244 Pa., 386, wherein the court held that “The word ‘dwelling house,’ in the sense in which it is ordinarily used and understood, means a house occupied as a residence, in distinction from a store, office, or other building;” the ease of Hamnett v. Born, 247 Pa., 418, containing this restriction, “Not more than one dwelling house shall be erected or maintained on each forty (40) feet of land,” wherein it was held that the bill was properly dismissed “where it appears that the houses which the defendant proposed to build were so called duplex houses, each designed for the occupancy of two families,” and the case of Bolin v. Tyrol Investment Co., L. R A., 1918C, 869 (273 Mo., 257), where it was held that “An apartment house with six apart *296 ments is a dwelling within a covenant that a grantee shall not construct upon the property a dwelling less than two stories in height, or construct more than one dwelling on each 50 feet of frontage.”
The defendants in error more or less successfully distinguish the above cases from the case here under consideration, and cite the case of Gillis v. Bailey, 21 N. H., 149, wherein it was held that a building, two stories in height, “which was designed and so constructed, as to accommodate three different families in severalty,” erected upon a lot containing the restriction that “only one single dwelling-house * * * shall within twenty-five years from this date be erected, or placed on the lot of land above described,” was not a single dwelling-house “within the condition of the deed, but was an erection in violation thereof.” They further cite the case of Linwood Park Co. v. Van Dusen, 63 Ohio St., 183, in which the court had under consideration the restriction “that he would use such premises for the purpose of a private dwelling or residence only, except on a special permit from the company.” Upon each lot was erected a single house containing many rooms, which were let to the public by the day, week, month or longer. Held by the court: “Where such lessees make a business of renting rooms, in their buildings on such leased premises, to temporary occupants, and refuse to obtain a special permit from the lessor and refuse to comply with the reasonable requirements of the lessor, in regard to the privilege of so using the leasehold, such use is a breach of the covenant to ‘use such premises for the purpose of a private dwelling or residence only, except on a special permit from the company.’ ”
*297 Both parties cite the case of Hunt v. Held, 90 Ohio St., 280, and the case of Arnoff v. Williams, 94 Ohio St., 145.
The common pleas conrt and one member of the conrt of appeals construed the words “one dwelling” to mean one habitation, one place of abode. The majority of the court of appeals construed the words “one dwelling” to mean a single dwelling intended for the occupancy of but one family.
It is apparent from the language of the restriction, from the authorities cited, and from the different conclusions of the learned judges who have heretofore considered this case, that either construction may he justified and that neither may he accurately declared incorrect, and in the absence of any rule of construction operating in favor of or against the restriction a court would he left to guess at what was in the minds of the parties to the contract and what they meant to hind themselves to do and not to do, in making use of the words “one dwelling,” and what warning or notice those words convey to subsequent purchasers and what restriction they impose upon their use of the land.
But in view of the rule of construction announced by this court in the case of Hunt v. Held, supra, wherein this court declared that “Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt should he resolved in favor of the free use thereof for lawful purposes by the owner of the fee,” and the application of that rule to the restriction here under consideration, there remains nothing for this court to do other than to say that since the meaning of the language of the restriction is not *298 certain, definite and clear, and is equally capable of either construction contended for, the doubt will be resolved against the restriction rather than in its favor, and the court will give to the language the meaning, of which it is equally capable, which least restricts the free use of the land.
The judgment of the court of appeals will be reversed and that of the common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Jones and Matthias, JJ., concur.