## Shapiro, Appellant, *v.* Levin.

Argued December 8, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Milton S. Lazaroff,* with him *Howard I. Rubin,* and *Techner, Rubin & Shapiro,* for appellant.

*Neil Hurowitz,* with him *Moss, Rounick & Hurowitz,* for appellees.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant instituted this declaratory judgment action[1] in order to determine whether the erection of an

---

[1] The propriety of a declaratory judgment action has not been challenged in this appeal. This form of action has been employed previously to determine the validity or construction of deed restric-

eight unit[2] townhouse-apartment complex would violate a covenant created by a 1902 deed which provides "that the . . . owners and occupiers of [certain] lots of ground . . . shall not at any time hereafter erect more than one dwelling house which shall cost at least four thousand five hundred ($4,500.00) to construct and one stable appurtenant thereto . . . ."[3] The lower court held that the restriction does prohibit the proposed construction and We affirm.

A simple restriction to a dwelling house and out-buildings has been held not to prohibit buildings designed for use as multiple family dwellings. In *Johnson v. Jones*, 244 Pa. 386, 90 A. 649 (1914), the Court held that a restriction prohibiting the erection of more than one dwelling house did not prohibit the erection

---

tions. *Baederwood v. Moyer*, 370 Pa. 35, 87 A. 2d 246 (1952). One case holding the action improper, *Greenberg v. Blumberg*, 416 Pa. 226, 206 A. 2d 16 (1965), is distinguishable in that an action in equity was pending to determine the same issue. A declaratory judgment action was, therefore, improper because of the obvious existence of a more appropriate remedy. In the instant case, no statutory remedy exists, there is an actual controversy between the parties as each presses for a different interpretation of the restriction, litigation is inevitable given the appellant's plan of development. Act of July 25, 1963, P. L. 305, §1, 12 P.S. §836. If a declaratory judgment were not allowed, appellant would be forced to demolish the structure presently on his property, begin construction of the proposed structure, and then defend actions for damages or injunction before a construction of the restriction would be possible.

[2] Throughout the trial of the instant case, appellant proposed the erection of an 11 unit complex. After trial, he notified the lower court by letter of a revised plan for an 8 unit complex, and, on this basis, the court decided the issue. While the procedure employed seems improper, our disposition of the case is unaffected since the structural appearance and character of the structure remains the same.

[3] Appellant does not contend that the "dwelling house" restriction is obsolete or of no substantial value to appellee because of changes in the neighborhood.

of an apartment building containing *eight* 3 bedroom flats. Similarly, the Court held in *Hamnett v. Born*, 247 Pa. 418, 93 A. 505 (1915) that the same words did not prohibit the erection of a building with multiple dwelling units. The Court stated that "the fact that the building proposed is a single structure intended for dwelling purposes brings it within what is permitted by the restriction; the fact that it is intended to accommodate a number of families does not bring it within what is forbidden." 247 Pa. 418, 420. In *Rohrer v. Trafford Real Estate Co.*, 259 Pa. 297, 102 A. 1050 (1918), construing a restriction allowing only "a single dwelling house" the Court held again that such a restriction did not prevent the erection of a building with multiple living units, and that so long as the proposed building was a single structure, it would not be in violation of the restriction. The Court noted that if the grantor had intended to limit the permissible structures to "single family dwellings", the intent could have been expressed with those particular words. See generally 14 A.L.R. 2d 1376.

In *Bennett v. Lane Homes Co.*, 369 Pa. 509, 87 A. 2d 273 (1952) the Court held that the erection of a *34 unit* apartment building would violate a restriction which provided that "not more than one house, same to be detached or semi-detached, and private garage to be used in connection therewith shall ever be erected on each lot." In that case, the Court deemed the descriptive phrase "and private garage to be used in connection therewith" in addition to the requirement of detached or semi-detached houses as dispositive of the grantor's intention to limit permissible buildings to single family rather than multiple family dwelling structures. The use of the word "private" in reference to the garage was held to imply a much more limited meaning to the word "house", than when the latter was

used alone. This was consistent with a number of earlier cases holding that the words "private dwelling house" would allow only single family houses.[4] *Taylor v. Lambert*, 279 Pa. 514, 124 A. 169 (1924); *Fox v. Sumerson*, 338 Pa. 545, 13 A. 2d 1 (1940); *Pehlert v. Neff*, 152 Pa. Superior Ct. 84, 31 A. 2d 446 (1943). No such limiting words appear in the restriction involved in the instant case, and *Bennett* is therefore not controlling.

In *Ratkovich v. Randell Homes, Inc.*, 403 Pa. 63, 169 A. 2d 65 (1961), a restriction which provided that "not more than one house exclusive of a private garage "shall be erected on each lot" was held not to prohibit the erection of a four family dwelling. The Court specifically rejected the contention that *Bennett v. Lane Homes*, supra, narrowed the meaning previously ascribed to the word "house", and re-affirmed the earlier cases (discussed, supra) which held that the words "house" and "dwelling house" are all inclusive terms embracing every form of *structure* used for purposes of habitation. The Court held that these words, when used in a deed restriction, limit only the type of structure permitted on the premises, and not the use to

---

[4] The Supreme Court in *Bennett* read the word "private" (modifying garage) back into the preceding word "house" in order to limit the meaning of the latter word to single family dwellings. In *Satterthwait v. Gibbs*, 288 Pa. 428, 135 A. 865 1927), the party seeking to limit the word "house" to single family dwellings contended that the same method of interpretation be employed. The Supreme Court refused, stating that the words in a restriction cannot be varied by implication or inference from other words or clauses contained in the restriction. The *Bennett* Court did not discuss this rule of strict construction. In *Ratkovich v. Randell Homes, Inc.*, 403 Pa. 63, 169 A. 2d 65 (1961), the Supreme Court, while limiting the holding in *Bennett*, approved the method of interpretation employed therein; at the same time, however, the Court adhered to the strict rule that restrictions on the use of land will not be extended by implication.

which the structure is to be put, thus permitting multiple occupancy uses in buildings which are houses. It limited the holding in *Bennett* to the particular phrases employed therein[5] and gave emphasis to the fact that the proposed structure was a 34 unit apartment building, a proposition never before approached in any of the cases defining similarly worded restrictions.

Since neither the wording of the restriction nor the size of the structure involved herein is at all similar to the factual situation in *Bennett v. Lane Homes, Inc.,* supra, that case is not dispositive. Nevertheless, we affirm the lower court's holding that the restriction prohibits the erection of the particular multi-unit dwelling complex proposed by appellant, because, quite simply, the structure proposed is not in any sense "one dwelling house", but several, both in form and concept.

Keeping in mind that the restriction limits the type of structure, and not the use or occupancy thereof. *Ratkovich v. Randell Homes, Inc.,* supra, a review of the architectural plans submitted by appellant, in addition to the testimony adduced below, shows that the proposed structure consists of a series of the increasingly popular townhouses. Indeed, the complex has been denominated as such by appellant.

The structure will be multi-level one with units of two and three stories. The units will be separated from

---

[5] Although the Court approved of the method of interpretation employed in *Bennett* (supra, n.4), the Court in *Ratkovich* was faced with a restriction worded identically to the one in *Bennett*, i.e., "one house with *private* garage". A limitation to detached or semi-detached dwellings was absent. The *Bennett* Court, however, had seized upon the adjective "private", modifying garage, as dispositive of the grantor's intent to limit permissible buildings to single family houses. In *Ratkovich*, the Court did not even consider the effect of other words and phrases on the definition of house. Thus, the one remaining distinction between the two cases is the type of structure proposed in each case. See *Kauffman v. Dishler*, 380 Pa. 63, 110 A. 2d 389 (1955).

each other by party walls, and each unit will have its own entrance from the outside. Three of the units will have chimneys protruding from the outside walls of those units. The units share only an occasional wall, and although attached, each unit is a separate entity containing its own hallways, stairways, and entranceways. The roof of the structure will be sharply segmented according to the level of the individual unit covered. In short from all appearances, the complex has the appearance and character of eight attached houses, and cannot, in common parlance, be deemed "one dwelling house". The lower court properly held that the deed restriction prohibits the proposed structure.

The judgment of the lower court is affirmed.