400 A.2d 217

Gerald W. TATE and Shirley E. Tate, his wife, Larry Gene Gulick and Toni M. Gulick, his wife, Donald R. Berkich and Jean H. Berkich, his wife, Arthur Schenck and Tillie P. Schenck, his wife, Harold L. Markle and Joan C. Markle, his wife, Charles C. Thacker and Freda H. Thacker, his wife, James B. Marchick and Beverly A. Marchick, his wife, Joseph A. Robinson, Jr. and Diane W. Robinson, his wife, Appellants,

v.

James W. MORAN, Jr. and Barbara J. Moran, his wife.

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 30, 1979.

542

John M. Eakin, Mechanicsburg, for appellants.

P. Richard Wagner of Mancke & Lightman, Harrisburg, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

The instant appeal is brought from an order of the court below overruling appellants' exceptions to a decree nisi entered on May 16, 1977. For the reasons stated herein, we affirm the order of the lower court.

The facts giving rise to this appeal are as follows. Appellees are the owners of a one-story dwelling situated in the housing development of Forrest Acres in Hampden Township, Cumberland County; appellants are the owners of

various other homes in the same development. All lots in the development are subject, *inter alia,* to the following restrictive covenant.[1]

"No residential lot as shown on said Plan of Lots shall be subdivided, nor shall there be more than *one (1) residential structure* erected thereon together with a garage building which shall be incident to the occupation and use of the lot for residential purposes. Said garage building shall be of not more than *two (2) car capacity,* nor over one (1) story in height and of construction conforming to the general architecture of the residential structure." (emphasis added).

On August 19, 1976, appellees applied for and received a building permit to erect a two-story addition to their present one-story dwelling. The addition would consist of a dining room, garage, storage area and work area on the first level, and two apartment units on the second level. On December 22, 1976, appellants filed a complaint in equity seeking a permanent injunction restraining appellees from erecting the proposed addition. Included in the complaint was a copy of the plans that appellees had submitted to the Hampden Township Commissioners on August 9 in order to secure their building permit. Appellants alleged as the basis of their complaint that the planned construction would violate both the "one (1) residential structure" and the two-car garage restrictions. Subsequent to a hearing held on March 21, 1977, the court below concluded that the construction would merely be an addition to the existing dwelling and as such would not violate the restriction against more than one structure, and that the plans, as modified by parol evidence, would not violate the two-car garage limitation. On May

1. The list of restrictive covenants was not included in the deed obtained by appellees at the time of their purchase of the home on July 24, 1974. The deed did, however, incorporate the restrictions listed in the Plan Book wherein the Forrest Acres development was recorded. In their answer filed to appellants' complaint, appellees alleged that they were unaware of the restrictions and therefore could not be bound by them. They have apparently abandoned that defense since it was not presented in the court below and their only defense was based upon an interpretation of the restrictive covenant.

16, 1977, the court entered a decree nisi enjoining appellees from constructing the proposed addition "until such time as the construction plans conform with the building restrictions." (Record at 93a). On June 6, 1977, appellants filed exceptions to the decree nisi which were overruled on October 3, 1977. Appellants appeal from that order, and allege that the court below erred: (1) in permitting appellees to contradict the building plans by parol evidence; and (2) in concluding that the proposed construction would not violate either the "one structure" or the "two car" garage restrictions. For the reasons stated herein, we affirm the order of the court below.

## I

Appellants' first contention need not long detain us. While not determining whether the parol evidence rule is applicable in the instant proceeding, we conclude that if any error was committed in the admission of the evidence at the March 21 proceeding, that error was of no consequence. The court below did not accept appellees' testimony as conclusively modifying the plans to conform to the covenant restrictions, but instead enjoined them until the plans were so modified. In that light, no harm was committed in the court admitting the challenged testimony.[2]

## II

Appellants' second contention is that the lower court erred in concluding that the proposed construction would not violate the restriction against "more than one (1) residential structure." Generally, covenants restricting the free use of land are not favored in the law. *Mishkin v. Temple Beth El of Lancaster*, 429 Pa. 73, 239 A.2d 800 (1968); *Rieck v. Virginia Manor Co.*, 251 Pa.Super. 59, 380 A.2d 375 (1977). Such restrictions are strictly construed and

2. The parol testimony modified the plans submitted to the Hampden Township Commissioners in the following respects: the present carport would become a dining room in the new addition; the garage would be diminished to conform to the two-car restriction; and the structural supports would be at locations other than those indicated on the building plans.

will not be extended by implication. *E. g., Ratkovich v. Randell Homes, Inc.,* 403 Pa. 63, 169 A.2d 65 (1961); *Siciliano v. Misler,* 399 Pa. 406, 160 A.2d 422 (1960).

In this respect, appellants' only contention was that the proposed addition would violate the restrictive covenant in that it would create a second structure separate and distinct from the existing dwelling. Appellants have not alleged that the restrictive covenant is a *use* restriction limiting occupancy to a single family. Rather, the arguments presented related to the enforcement of a *building* restriction, *i. e.,* whether the proposed construction will be a "second structure" or merely an "addition" to the existing dwelling.[3] We are therefore constrained to agree with the court below that appellees' planned construction is merely an addition to the present dwelling.

Such a conclusion is based on the following facts established as of record:

1. Appellees' present dwelling consists of a one-story structure with 1250 square feet of floor space. The proposed addition is two stories in height and will include 2562 square feet of floor space.

2. The existing structure is made of brick and the addition will be made of brick and aluminum siding in the front and aluminum siding on the sides and rear.

3. Appellees' present dwelling has a carport attached to the left of the structure. Under the planned construction, the carport will be removed and the new addition erected in its place.

---

**3.** The distinction between the two types of restrictions has been defined as follows:

"Restrictions limiting the right of the owner to deal with his land as he may desire fall naturally into two distinct classes, the one consisting of restrictions on the type and number of buildings to be erected thereon, and the other on the subsequent use of such buildings. The restrictions in the former class are concerned with the physical aspect or external appearance of the buildings, those in the latter class with the purposes for which the buildings are used, the nature of their occupancy, and the operations conducted therein as affecting the health, welfare and comfort of the neighbors." *Jones v. Park Lane For Convalescents, Inc.,* 384 Pa. 268, 272–73, 120 A.2d 535, 538 (1956).

4. The new addition will consist of a dining room on the first floor in the space presently occupied by the carport. To the left of the dining room on the first floor will be a storage area and garage in front and a workshop in the rear. On the second floor will be two apartments extending over the entire area of the dining room, storage area, garage and work area.

5. There will be no common walls separating the living quarters in the present dwelling from the first floor of the proposed addition, and passageways will connect the two areas.

6. The apartment units on the second floor will have their own entrance by means of a common stairway leading down the center of the new addition and exiting to the outside.

7. The entire structure will have two rooflines established by the existing one-story dwelling and the proposed two-story addition.

8. A single chimney will be located at the far left end of the proposed addition; the present chimney located on the right end of the existing dwelling will be removed.[4]

9. The entire structure (present dwelling plus addition) will be heated by a single furnace to be located in the addition. All utilities in the entire structure will be integrated.

10. The plans as originally drawn provided for a garage area of 630 square feet. If, however, appellees construct a wall between the garage area and the workshop area as indicated in their testimony, the garage area will be diminished in size to conform to the two-car garage restriction.

In reviewing the above description, appellants place primary emphasis upon *Shapiro v. Levin,* 223 Pa.Super. 535, 302

4. In its original opinion, the court below found that the present chimney would be retained to service a fireplace in the existing dwelling. However, in its supplemental opinion overruling the exceptions to the decree nisi, the court stated that its earlier finding was erroneous and that appellant planned to remove the chimney on the present dwelling.

A.2d 417 (1973), in which this court held that the construction of an eight unit townhouse-apartment complex violated a building restriction against "more than one dwelling house." In so ruling, we concluded that "the complex has the appearance and character of eight attached houses, and cannot, in common parlance, be deemed 'one dwelling house'." *Id.*, 223 Pa.Super at 541, 302 A.2d at 420.

Although a comparison of the finished product in the instant case with the structures in *Shapiro* reveals certain common traits that we there deemed relevant (*i. e.*, different rooflines and different entrances), we cannot say that the differences caused by the proposed construction are such as to require a reversal of the court below. An examination of the planned construction reveals that the present structure will be distinguished in outside appearance from the addition by a different roofline and by a partial difference in building materials. The complete structure will include only one chimney as opposed to the three found relevant in *Shapiro,* and the separate entrance is applicable only to the second floor of the proposed addition. The existing dwelling will be completely integrated with the first floor of the addition by common passageways and the entire structure will be integrated with respect to utilities and source of heating. In summary, we cannot conclude that the proposed addition is so separate and distinct that it "has the appearance and character" of a separate structure.[5] *Shapiro v. Levin, supra,* 223 Pa.Super. at 541, 302 A.2d at 420.

### III

Finally, we conclude that the court below did not err in ruling that appellees' modified plans would not violate the two-car garage restriction. According to the plans as originally submitted, the proposed garage area would extend into the work area in the back portion of the first floor and would consist of a total area of 630 square feet. The lower court found, and we agree, that if appellees construct a wall,

5. We also reject appellants' claim that appellees are bound in interpreting the building restriction since their predecessors in title only erected the present one-story dwelling. While this approach may be

548

as indicated in their testimony, between the garage and work areas, the effect will be to diminish the size of the garage to conform to the two-car restriction.[6] We can, therefore, find no error in the action of the court below in enjoining appellees until the plans are modified to conform to the covenant restrictions.

Order of the lower court affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

useful in interpreting the intent of the parties when the language of the restriction is ambiguous, *see Parker v. Hough,* 420 Pa. 7, 215 A.2d 667 (1966); *Brookbank v. Benedum Trees Oil Co.,* 389 Pa. 151, 131 A.2d 103 (1957); *DeSanno v. Earle,* 273 Pa. 265, 117 A. 200 (1922), to adopt such a rule in all cases would be to imply an absolute prohibition against any further construction once the original grantee erects a building on the property. In effect, this would create an implied restriction more stringent than that found in most written covenants, and would place a heavy burden on the continued development of one's property. The question is not whether appellees may or may not build beyond the original structure, but rather, does the new addition violate the restriction against more than one structure? We hold that it does not.

6. Appellants' evidence presented to the court below related strictly to the size of the garage as conforming to the two-car garage limitation. The claim was not presented, and we may not determine, whether this construction would violate the restriction prohibiting garage construction to no more than one story.