430 A.2d 988

James E. MOREAN and Betty J. Morean, Husband and Wife; and John G. Crissy and Virginia I. Crissy, Husband and Wife; and Joseph J. Blondell and Mary E. Blondell, Husband and Wife; and Nicholas Rudman, Single, Appellants,

v.

Joseph F. DUCA and Charlotte M. Duca, Husband and Wife.

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed June 5, 1981.

Daniel F. Glassmire, Coudersport, for appellants.

Thur Young, Coudersport, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

Appellants commenced this action in Equity on January 8, 1979, to enjoin appellees, Joseph and Charlotte Duca, from operating a business on a certain tract of land. Appellants contend that the operation of the business violates a restrictive covenant limiting the use of the property to residential and recreational purposes. The chancellor held that the restrictive covenant did not prohibit limited commercial usage of the property. For the following reasons we disagree and reverse the decree of the court below.

The pertinent facts are as follows. Appellants are the owners of residences in or near a development known as Hillcrest Acres.[1] The deeds to appellants' property contained, *inter alia*, a restrictive covenant that limited the use of the property to "residential and recreational purposes only." Record at 12a. In May of 1976, appellees purchased property in Hillcrest Acres, the deed to which includes the above restrictive covenant.

Shortly after moving to Hillcrest Acres, Mr. Duca began using his garage to conduct an automotive and tractor repair business. In addition, appellees expanded the garage and, in July of 1978, began using it as their place of business for repairing and selling snowmobiles.[2] Appellants sought to enjoin the operation of appellees' business, and on September 13, 1979, the trial court found that appellees' use of their property was consonant with the general use of residential properties in the area. On this basis, the court held that appellees' activity did not violate the restrictive covenant and this appeal ensued.

We first address the question whether the trial court erred by *sua sponte* raising the issue of deed interpretation.[3]

1. Appellants, Betty and James Morean and Virginia and John Crissy, reside in the Hillcrest Acres subdivision. Although the deeds to the property owned by appellants Mary and Joseph Blondell and Nicholas Rudman state that the lots are in Hillcrest Acres, the tracts are, in fact, outside the subdivision as indicated on the recorded developer's map. The trial court found that all of the above parties had standing to bring this action and this holding has not been contested on appeal. Slip op. at 6.

2. Appellees' maximum snowmobile inventory consisted of parts and attire valued at approximately $4500.00 and eighteen snowmobiles. (N.T. at 68).

3. Appellees alleged at trial that appellants' claim was barred by laches or waiver. In addition, they claimed that the restrictive covenant was no longer binding because of changes in the character of the neighborhood. The trial court expressly found these defenses to be meritless. Since appellees have not filed exceptions disputing this finding, these claims have not been preserved for our review. *See Commonwealth v. Tolleson,* 462 Pa. 193, 340 A.2d 428 (1975); *Logan v. Cherrie,* 444 Pa. 555, 282 A.2d 236 (1971); Pa.R.C.P. 1518.

Instantly, the court was required to construe the restrictive covenant in order to decide whether appellants were entitled to relief under the allegations raised in their complaint. Appellants' complaint averred that appellees' commercial ventures violated the covenant. Appellees' answer specifically denied that their activity transgressed the limits imposed by the covenant. Since the nature of the restriction imposed by the covenant was clearly in dispute, we concur with the chancellor's holding that this issue was a matter properly presented for his determination.

We next turn to the question whether the restrictive covenant prohibited appellees' commercial activity. The subject covenant provides that: "The within conveyed premises shall be used for residential and recreational purposes only." Record at 12a. The chancellor concluded that the term "residential" must be interpreted by reference to the use of neighboring residential properties. Although none of the residences within Hillcrest Acres are used for commercial purposes, some other residences in the immediate area are put to such use. The chancellor concluded that, in absence of an express prohibition, the covenant would not be breached so long as the property substantially retained its residential and recreational character. Since he found that appellees' use of their garage was compatible with the general use of residences in the locale, he held that their activity was not prohibited by the covenant. We disagree.

"Restrictive covenants which restrict the use of property, although not favored by the law, are legally enforceable." *Rieck v. Virginia Manor Co.*, 251 Pa. Super. 59, 63, 380 A.2d 375, 377 (1977). *See Schulman v. Serrill*, 432 Pa. 206, 246 A.2d 643 (1968); *Tate v. Moran*, 264 Pa. Super. 540, 400 A.2d 217 (1979). We will find a use to be in violation of a restrictive covenant only if it is in clear defiance to the provisions imposed by the covenant. *Ratkovich v. Randell Homes, Inc.*, 403 Pa. 63, 169 A.2d 65 (1956). "Such restrictions [must be] strictly construed and will not be extended

by implication." *Tate v. Moran,* 264 Pa. Super. 540, 544–45, 400 A.2d 217, 219. *See also Siciliano v. Misler,* 399 Pa. 406, 160 A.2d 422 (1960).

▮▮▮ The scope and meaning of the phrase "used for residential and recreational purposes only" is determinative of this appeal. This phrase expressly creates a use restriction.[4] " 'Residence,' in its popular as well as its dictionary sense, means a place of abode; it is where one lives, either alone, or with one's family; the family is the generally recognized unit." *Gerstell v. Knight,* 345 Pa. 83, 85, 26 A.2d 329, 330 (1942) (footnote omitted). Recreation is well understood to denote a pastime affording relaxation and enjoyment. The parties' use of the limiting term "only" makes their intent to prohibit all contrary uses apparent. The unambiguous language employed in drafting this covenant can only be interpreted as creating a prohibition against all uses that are neither residential nor recreational. Appellees' automotive repair and snowmobile businesses are commercial ventures and, therefore, are clearly violative of the restriction.

Accordingly, the decree is reversed.

4. A use restriction is distinct from a building restriction.
   The two restrictions have been distinguished as follows:
   Restrictions limiting the right of the owner to deal with his land as he may desire fall naturally into two distinct classes, the one consisting of restrictions on the type and number of buildings to be erected thereon, and the other on the subsequent use of such buildings. The restrictions in the former class are concerned with the physical aspect or external appearance of the buildings, those in the latter class with the purposes for which the buildings are used, the nature of their occupancy, and the operations conducted therein as affecting the health, welfare and comfort of the neighbors.
   *Jones v. Park Lane for Convalescents, Inc.,* 384 Pa. 268, 272–73, 120 A.2d 535, 538 (1956). *Tate v. Moran,* 264 Pa. Super. 540, 400 A.2d 217 (1979).