Peter A. Ciavarella and Laura Lee Ciavarella, his wife, Appellants *v.* The Zoning Board of Adjustment of Hazle Township, Appellee.

Submitted on briefs June 6, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

194

*Anthony J. Ciotola,* for appellants.

*Lewis J. Bott,* for appellee.

OPINION BY JUDGE BLATT, November 28, 1984:

Peter A. Ciavarella and Laura Lee Ciavarella (appellants) appeal here an order of the Court of Common Pleas of Luzerne County which affirmed a decision and order of the Zoning Board of Adjustment of Hazle Township (Board) denying their request to place a mobile home on their unimproved lot in the R-2 district of Hazle Township.

The application was made pursuant to Section 9.211 of the Township Zoning Ordinance (Ordinance) which requires that a zoning permit be issued by a Zoning Officer "prior to the erection, construction, moving or alteration of any building, structure or portion thereof." The Board concluded that a mobile home was not a permitted use within the R-2 district and that the appellants were consequently not entitled to place such a structure on their lot without prior Board approval. Section 4.03 of the Ordinance (permitted uses without board approval in the R-2 district include one-family detached dwellings, two-family detached dwellings, multiple family dwellings, utilities (except storage yards and buildings) and accessory

uses to the above). The Board then reviewed the appellants' application as if it were a request for a variance, which the Board refused to issue, finding that the appellants had failed to prove that the property could not be developed as zoned and that they had failed to prove any hardship.[1] On appeal to the court of common pleas, the order of the Board was affirmed. The present appeal ensued.

The appellants argue that the Board erred in reviewing their application as a request for a variance and contend that they are entitled to place a mobile home on their lot without prior board approval be-

---

[1] Section 8.44 of the Ordinance provides that the Board may grant a variance, only if all of the following conditions are met:

That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size, or shape, or exceptional topographical or other physical conditions peculiar to the particular property; and that the unnecessary hardship is due to such conditions, and not to circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or districts in which the property is located;

That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

That such unnecessary hardships have not been created by the appellant;

That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to public welfare; and

That the variance, if authorized, will represent the least modification possible of the regulation in issue. In granting any variance, the Board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of the Zoning Ordinance.

cause it will be affixed to a concrete foundation and therefore should be considered a single family dwelling permissible under Section 4.03 of the Ordinance in an R-2 district without prior Board approval.

The only question here, therefore, is whether or not a mobile home when affixed to a concrete foundation becomes, in essence, a single-family dwelling under the Ordinance. And, of course, where, as here, the court of common pleas did not take additional evidence, our scope of review is limited to determining whether or not the Board committed an abuse of discretion or erred as a matter of law. *Zajac v. Zoning Hearing Board of Mifflin Township*, 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

The appellants argue that, because their mobile home is to be attached to a concrete foundation, which would necessarily be permanent, we must consider it to be a ''structure'' and, ultimately a ''single family dwelling'' under the Ordinance.

Section 11.23 of the Ordinance defines a single-family dwelling as ''[a] detached building arranged or used for occupancy by one family.'' Section 11.17 defines a ''building'' as ''[a]ny structure for the shelter or enclosure of persons, animals or chattels.'' And Section 11.53 provides that a structure is ''[a]nything constructed, the use of which requires permanent location on the ground, or attached to something having a permanent location on the ground, including carports, but not including fences, sidewalks, driveways and curbs.'' Section 11.56 however, defines a trailer or mobile home as ''[a]ny of the various types of vehicles which depend for mobility on a motor vehicle and which are used for human habitation or for business purposes, but excluding vehicles used only for transportation of materials, products or animals.''

The Board contends that the Ordinance definitions of a "mobile home" and a "mobile home park", as provided in Section 11.56, indicate that the drafters of the Ordinance intended to distinguish a mobile home from a single family dwelling, regardless of the fact that a mobile home might be attached to a concrete foundation.

Clearly, however, a mobile home which, as the Board found, will be attached to a concrete foundation can no longer be considered a "vehicle" as that term is commonly used[2] and, therefore, under the definitions of "structure", "building" and "single-family dwelling" contained in the Ordinance, we must consider it to have become a single-family dwelling. *Cf. Anstine v. Zoning Board of Adjustment of York Township,* 411 Pa. 33, 190 A.2d 712 (1963) and *Douglass Township v. Badman,* 206 Pa. Superior Ct. 390, 213 A.2d 88 (1965). And, inasmuch as a single-family dwelling is a permitted use within the R-2 district without prior Board approval, Section 4.03 of the Ordinance, we believe that the Board erred in not granting the appellants a zoning permit.

Accordingly, we will reverse the order of the Court of Common Pleas of Luzerne County.

ORDER

AND Now, this 28th day of November, 1984, we hereby reverse the order of the Court of Common Pleas of Luzerne County in the above-captioned matter.

---

[2] The rules of statutory construction are applicable, of course, to both statutes and ordinances, *Appeal of Neshaminy Auto Villa Limited,* 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976), and, a basic tenet of statutory construction provides that where an ordinance/statute does not specifically define a term, it shall be accorded its common meaning.