516 A.2d 859

In Re: The Appeal of Lloyd B. Heller From the Decision of the Salisbury Township Zoning Hearing Board. Lloyd B. Heller, Appellant.

Argued September 8, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Jeffrey Philip Paul, May and May,* for appellant.

*John A. Kenneff,* with him, *Thomas L. Goodman, Goodman and Kenneff,* for appellee.

OPINION BY JUDGE MACPHAIL, October 28, 1986:

Lloyd B. Heller (Heller) appeals from a decision of the Lancaster County Common Pleas Court which upheld a decision of the Zoning Hearing Board (Board) of Salisbury Township (Township) denying Heller's appeal from a determination of the Township's Zoning Officer that two truck trailers on his land violated the Township's Zoning Ordinance. We reverse the Common Pleas Court.

The pertinent facts are not in dispute. Heller's parcel of land is leased by a tenant farmer who farms a portion of it. The parcel includes some woodland which was the site of extensive logging operations in the mid-1950's. Heller's son testified at the hearing before the Board that his father and he are currently taking firewood off the property[1] and will likely log the area extensively again in the near future.[2] In December 1979, Heller placed one thirty-two foot and one forty-foot truck trailer on the parcel approximately 165 feet from the road. The trailers were moved there with a bulldozer. The truck trailers are supported at the rear by their wheels, axles and tires and at the front by their dollies. No foundation supports them. One trailer contains hay and straw and the other contains a variety of items, including a plow and some chains and cables which could be used in timber work.

---

[1] Notes of Testimony (N.T.) from December 26, 1984 at 19-20, Reproduced Record (R.R.) at 22a-23a.

[2] N.T. at 33, R.R. at 36a.

On October 23, 1984, the Township's Zoning Officer sent Heller a notice stating that the trailers were in violation of the Township's Zoning Ordinance and that they must be removed. On November 21, 1984, Heller filed an appeal with the Board. The Board, after a hearing at which only Heller's son and another resident of the Township who was not opposed to the trailers testified, decided to uphold the Zoning Officer's determination. The Common Pleas Court, without taking additional testimony, affirmed the Board.

This Court's scope of review in a zoning case such as this one, where the Court of Common Pleas has taken no additional evidence, is limited to a determination of whether the zoning hearing board abused its discretion, committed an error of law or made necessary factual findings which are not supported by substantial evidence in the record. *DiMartino v. Zoning Hearing Board of Newtown Township,* 93 Pa. Commonwealth Ct. 498, 502 A.2d 294 (1985). In the instant case, the sole issue is whether Heller's use of the trailers falls within the permitted uses specified in the Zoning Ordinance. This is clearly a question of law subject to this Court's review. *See Ethken Corp. Appeal,* 89 Pa. Commonwealth Ct. 612, 493 A.2d 787 (1985).

Heller's parcel is zoned as an "Open Space District" to which the following portion of the Township's Zoning Ordinance applies:

**OS.02   Permitted Uses**

a.   Forest uses related to the harvesting of lumber products, including saw mills.

b.   Horticultural uses related to the raising, propagating, and selling of trees, vineyards, shrubs, flowers and other vegetative material.

c.   Activities related to the preservation of natural amenities.

d. Agricultural uses related to the tilling of the land, the raising of farm products, the raising and keeping of horses, cattle, and other live-stock, and the raising of poultry and poultry products.

e. Structures:

1. Barns, silos, corncribs, poultry houses, and other similar structures necessary to the proper operation of agricultural activities.

. . . .

4. Accessory buildings and uses customarily incidental to the above uses.

Article V, Section OS.02 of the Salisbury Township, Lancaster County, Pa., Zoning Ordinance (July 28, 1973). The Board found that Heller's use of the trailers did not fall under either OS.02(e)(1) or OS.02(e)(4).

As the Common Pleas Court noted, in order to fall under OS.02(e)(1), three elements must be present. The use must be (1) a structure, (2) similar to "[b]arns, silos, corncribs, [and] poultry houses" and (3) "necessary to the proper operation of agricultural activities." We find that the Board committed an error of law in failing to find that all three elements of OS.02(e)(1) were met.

We keep in mind that a court construing a zoning ordinance must afford permitted uses the broadest interpretation so that a landowner may have the benefit of the least restrictive use and enjoyment of his land. *Ethken Corp. Appeal.*

"Structure" is defined in Article III of the Zoning Ordinance as "[a]ny man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land." The trailers clearly fit under this definition. They are "man-made objects." Further, they have an ascertainable stationary location in that, as the Board recognized, a bulldozer was required to place them in their present position. Further,

there was testimony that the trailers, because of their location on swampy land and the fact that the axles have been modified to keep the trailers stationary, cannot be hitched to a tractor and pulled off the farm.[3] We have no problem in concluding that the trailers are sufficiently stationary so as to fall within the definition of "structure."

Next, we must decide if Heller's "structures" are similar to "[b]arns, silos, corncribs [and] poultry houses." It is true that the "structures" were originally truck trailers. These trailers are now, however, stuck in mud, are unable to be moved easily and are being used for storage. While the trailers may not look like traditional farm buildings, they are indeed being used precisely in the manner that traditional farm buildings are used.

The situation is analogous, it seems to us, to the one faced by our Supreme Court in *Anstine v. Zoning Board of Adjustment*, 411 Pa. 33, 190 A.2d 712 (1963). In that case the ordinance prohibited "trailers" or "mobile-homes" from an "R-Residential" district. Appellants attempted to get a variance to put a mobile home on their land. In finding that the township's ordinance was invalid, the Supreme Court said:

> Only single family dwellings are allowed within the R-Residential District and, if appellants are permitted to go forward with their improvements, the resulting structure clearly would be a single family dwelling, albeit a small dwelling, within the definition of the ordinance. Their plans involve the removal of the mobile home's undercarriage to which the wheels are attached and the bolting of the structure to a concrete block foundation and the proposed ad-

---

[3] N.T. at 7-9, R.R. at 10a-12a.

dition of a concrete patio covered by an aluminum awning clearly creates a *fixed* rather than a *mobile* structure.

*Id.* at 39, 190 A.2d at 715-16 (emphasis in original). *Accord Ciavarella v. Zoning Board of Adjustment of Hazle Township,* 86 Pa. Commonwealth Ct. 193, 484 A.2d 420 (1984).

We quote this portion of *Anstine* only to illustrate that a trailer may become transformed into a traditional home in the eyes of Pennsylvania zoning jurisprudence depending upon its installation and use. We see no reason why a truck trailer may not also be transformed into a traditional farm building by virtue of its installation and use.

Finally, we move onto whether or not the trailers are "necessary to the proper operation of agricultural activities." The Board found it important that Heller himself is not engaged in farming on the tract. However, he does lease the land to another who farms. We do not believe that the fact that Heller himself does not farm the parcel but rather leases it to one who does has any bearing on the issue. Certainly, the Board would not demand that a landowner who leases to another a tract with a traditional barn upon it remove the barn merely because the landowner himself was not farming but was leasing it to another who was farming. Further, it is clear that the structures are being used to store the products of Heller's past farming activities and the equipment he may need should he decide to farm or harvest lumber in the future.

We conclude that the Board erred in deciding that Heller's use of the truck trailers was not a permitted use under Section OS.02(e)(1) of the Township's Zoning Ordinance. As such, we need not address Heller's contention that the use of the trailers is also permitted under

Section OS.02(e)(4). Accordingly, we will reverse the order of the Court of Common Pleas of Lancaster County.

### ORDER

The order of the Court of Common Pleas of Lancaster County in the above-captioned matter is reversed.