518 A.2d 1302

**Calvin HODDER, Frank E. Fickinger and Bonnie W. Fickinger, his wife, John D. Kutch and Geraldine A. Kutch, his wife, James M. Bucci and Erla R. Bucci, his wife and David Lersch**

**v.**

**Ellsworth R. GREEN and Charlotte M. Green, Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1986.

Filed Dec. 22, 1986.

John P. Liekar, Public Defender, Canonsburg, for appellants.

James H. McCune, Washington, for appellees.

Before BROSKY, BECK and POPOVICH, JJ.

BECK, Judge:

This is an appeal from the lower court's order granting appellees' request for a declaratory judgment. Appellants contend that the lower court erred in holding that their proposed placement of a mobile home, with the wheels and undercarriage detached, upon a cement foundation violated a restrictive covenant. For the reasons that follow, we affirm the order of the lower court.

Appellants acquired title to the property in question from their parents. The deed to the property contains the following restrictions:

1. That no structure or building shall be erected at a distance no less than seventy-five (75) feet from the center line of Christy Road, or Township Road No. 627.

2. That no mobile home and/or trailer shall be placed on the premises.

3. No dwelling home shall be erected, the cost of which is less than Twelve Thousand ($12,000.00) Dollars.

Deeds to the neighboring properties contain the same restrictions. In May, 1985, appellants applied for a building permit to allow them to place a mobile home, with the wheels and undercarriage detached, on a cement block foundation on their property. The foundation was to have consisted of a concrete base with thirteen courses of eight inch concrete block placed on top. At the tenth or eleventh course, four six-inch steel H beams were to be incorporated into the foundation to which the mobile home would then be welded. Lower Court Opinion at 4. The foundation was to be 12–feet wide and sixty-feet long and was to contain a partial basement with a laundry room, a bedroom, and a garage. *Id.* Appellants' neighbors brought a declaratory judgment action claiming that appellants' proposal violated the restrictive covenant. The lower court held that placing a mobile home on a cement foundation would violate the restrictive covenant, and this appeal followed.

Appellants contend that the lower court erred in its conclusion that their proposal would violate the restrictive covenant because a mobile home attached to a cement foundation is no longer a mobile home within the meaning of the restrictive covenant. In support of their contention, appellants cite several cases holding that a mobile home that rests on a permanent foundation with its wheels detached is no longer a mobile home, but a fixed dwelling. *See Geiger v. Zoning Hearing Bd. of Twp. of North Whitehall,* 510 Pa. 231, 507 A.2d 361 (1986); *Anstine v. Zoning Bd. of Adjustment of York Twp.,* 411 Pa. 33, 190 A.2d 712 (1963); *Douglass Twp. v. Badman,* 206 Pa. Superior Ct. 390, 213 A.2d 88 (1965); *Ciavarella v. Zoning Bd. of Adjustment of Hazle Twp.,* 86 Pa. Commonwealth Ct. 193, 484 A.2d 420 (1984). Appellees respond by arguing that these cases are inapplicable to the present situation because they involve the issue of when a mobile home becomes

sufficiently immobile to be considered a single-family detached dwelling within the meaning of particular zoning ordinances. The lower court concluded that mobile homes are not excluded because of their mobility, but rather, because of their appearance and thus, removing the mobile home's mobility does not remove it from the confines of the restrictive covenant. We agree with the court below.

Although not favored by the law, restrictive covenants are legally enforceable. *Morean v. Duca*, 287 Pa. Superior Ct. 472, 475, 430 A.2d 988, 990 (1981). A restrictive covenant must be strictly construed against the party who wants to enforce it. *Burns v. Baumgardner*, 303 Pa. Superior Ct. 85, 91, 449 A.2d 590, 592–93 (1982); *Morean v. Duca, supra.* "To ascertain the intention of the parties, the language of the deed should be interpreted in light of the subject matter, *the apparent object or purpose of the parties* and the conditions existing when it was executed." *Dreher Twp. Bd. v. Solitron Dev. Co.*, 333 Pa. Superior Ct. 33, 40, 481 A.2d 1207, 1211 (1984).

Here, looking to the intent of the parties at the time the restrictive covenant was created, we conclude that any mobile home, regardless of whether it is attached to a foundation, is excluded by the restrictive covenant. Reading the restriction against mobile homes in conjunction with the restriction requiring that all dwellings have a minimum dollar value, we conclude that the restrictive covenant is a restriction on the aesthetic qualities of the homes built on the property. Thus the apparent object or purpose of the restrictive covenant is not to regulate a home's mobility, but rather, to regulate its appearance. *Dreher Twp. Bd. v. Solitron Dev. Co., supra.* Here, appellants' mobile home, despite its lack of mobility, will still look like a mobile home. Because the restrictive covenant was intended to regulate the aesthetic characteristics of the neighborhood, we conclude that appellants' mobile home, although it will be placed on a foundation, is, nevertheless, the type of home that was meant to be excluded by the restrictive covenant.

Accordingly, the lower court was correct in holding that appellant's proposal would violate the restrictive covenant.

For the foregoing reasons, we affirm the judgment of the lower court.

Affirmed.