633 A.2d 213

**Charles SCIPIO, Appellant,**

v.

**BARTON GLEN CLUB, INC.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1993.

Filed Nov. 15, 1993.

Holly B. Conway, Stroudsburg, for appellant.

Janet K. Catina, Stroudsburg, for appellee.

Before ROWLEY, President Judge, and OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

Charles Scipio appeals an order enforcing a restrictive covenant, thwarting his development plans for a ten-acre tract he owns in Pocono Township. The tract is bounded by U.S. Route 80 and the Barton Glen subdivision, such that Scipio's development plans required him to purchase one of the Barton Glen lots in order to build an access road. Scipio's development plan called for subdividing his ten-acre tract into four

residential lots, and dedicating to public use the access road which he planned to build over the Barton Glen lot, pursuant to Township requirements. All lots in the subdivision, however, are encumbered by restrictive covenants limiting their use to single-family private residential purposes.

Scipio filed a declaratory judgment action to determine whether the restrictive covenants permitted or forbade his road construction plans. After surviving a demurrer, the trial court granted judgment on the pleadings in favor of Barton Glen. The court ruled that Scipio's plan to build and dedicate a public road on the lot was inconsistent with the single-family private residential use mandated by the restrictive covenant. We affirm.

The material facts of this case are not at issue, making judgment on the pleadings proper. *See* Pa.R.C.P. 1034. Because this case turns entirely upon the application of the restrictive covenant to the facts at hand, judgment on the pleadings is appropriate. *Gallo v. J.C. Penny Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984) (judgment on the pleadings may be appropriate in cases which turn on the construction of a written agreement). All the lots in the Barton Glen subdivision are encumbered with a number of restrictive covenants, one of which provides that the lots "and any buildings and improvements now or thereafter erected thereon shall be used only for single family private residential purposes." The question is whether Scipio's road development plans fit within this description.

Scipio argues that the road he intends to build and dedicate to the Township would be used to access the four single-family private residences he plans to develop on his ten-acre tract. Thus the use would be "only for" single-family private residential purposes. Scipio also points out that the trial court acknowledged that he might build a driveway on his Barton Glen lot which could access the ten-acre tract, consistent with the covenant; Scipio argues that the difference between a driveway and a public road is only one of degree.

We find these arguments unpersuasive. Unlike a driveway, a road dedicated to the Township for public use simply cannot be characterized as private. We encountered similar facts in *Gey v. Beck,* 390 Pa.Super. 317, 568 A.2d 672 (1990), and held that building a public road would necessarily violate the restrictive covenant on a lot designated exclusively for single-family private residential use. Scipio attempts to distinguish this case because it involved a smaller subdivision with a private cul-de-sac, whereas the Barton Glen subdivision already has public roads. We find that the same concern for peace and privacy which underlay the restrictive covenants in *Gey v. Beck* applies with equal force in the instant case, and therefore follow its holding.

Scipio finally argues that the restrictive covenant may not be enforced unless it will benefit those seeking to enforce it. *See, e.g. Price v. Anderson,* 358 Pa. 209, 56 A.2d 215 (1948). We need merely imagine this case from the perspective of the owner of the lot adjacent to Scipio's in Barton Glen, who no doubt relied on having a private single-family residence next door, rather than a public roadway. Restrictive covenants are designed to protect property owners from such future encroachments. While the law may not favor restrictions on an owner's full and free enjoyment of his property, the law will enforce a restrictive covenant when clearly applicable. *Gey v. Beck, supra,* at 323–24, 568 A.2d at 675. Such is the case here.

Order affirmed.