## Basile v. Winona Lakes
## Property Owners Association

*Wieslaw T. Niemoczynski,* for plaintiffs.

*Thomas V. Casale,* for defendant Winona Lakes Property Owners Association.

*Edmund G. Flynn,* for defendant Melvins.

MILLER, *J.,* December 26, 1995—"Would you be mine? Could you be mine? Won't you be my neighbor?"

If Mister Rogers posed his classic questions to the parties in this case, the answer would be a resounding "No."

Plaintiffs Frank and Angela Basile are seeking an injunction to prevent their neighbors, defendants David B. Melvin and C. Millie Melvin from operating a mail-order business from their home. The parties are residents of Winona Lakes, a residential development in Monroe County, which restricts the use of all of its lots to private, single-family use through covenants in the deed. The Basiles filed a complaint in equity and a request for injunctive relief against the Melvins on July 17, 1995, also naming the Winona Lakes Property Owners Association as a defendant. The Melvins answered on August 15, 1995. The Basiles filed this motion for judgment on the pleadings against the Melvin defendants only on September 11, 1995; and on October 27, 1995, this court heard testimony from the parties surrounding the events alleged in the request for injunctive relief. We are now ready to dispose of both matters.

The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"Rule 1034. Motion for judgment on the pleadings

"(a) After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."

The underlying purpose of a motion for judgment on the pleadings is to permit the court to conduct an overall examination of the legal sufficiency of the pleadings in order to determine if judgment should be entered prior to trial. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988); *Kosor v. Harleysville Mutual Insurance Company,* 407 Pa. Super. 68, 595 A.2d 128 (1991).

Our standard of review in ruling upon a motion for judgment on the pleadings is identical to that exercised upon a demurrer: we are to determine whether, on the

facts averred, the law says with certainty that no recovery is possible for the non-moving party. *Id.* We are to grant such a motion only in those cases in which, upon the pleadings and documents properly attached, it appears that there are no material issues of fact, but, rather only a controlling question of law which is ripe for decision and, under such circumstances, a trial would be a fruitless exercise. *Id.; Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976).

Because this case turns entirely upon the application of the restrictive covenant to the facts, a motion for judgment on the pleadings is appropriately before the court. *Scipio v. Barton Glen Club Inc.,* 430 Pa. Super. 21, 633 A.2d 213 (1993). With this standard in mind, we now address the matter before us.

The Melvins admit that they operate a mail-order business from their home. The Melvins further admit that the deed to their Winona Lakes property is subject to a number of covenants and restrictions in the chain of title including the following:

"The premises hereby conveyed shall be used for private, single-family residential purposes only. Private garages in harmony with the main buildings may be erected." The question is whether the Melvins' mail-order business fits within this description.

In their complaint, the Basiles allege that the operation of the mail-order business is a nuisance in violation of the restrictive covenant contained in their deeds and further allege that the operation of the business has caused an increase in the amount of commercial traffic, including UPS, Ryder, U-Haul, and even tractor-trailer trucks from time to time. The Melvins' business also employs between two and four employees who park their cars in the Melvins' driveway. In their answer, the defendants do not deny these allegations.

It is well-established that restrictive covenants, although not favored by the law, are legally enforceable.

*Gey v. Beck,* 390 Pa. Super. 317, 568 A.2d 672 (1990); *Jones v. Park Lane for Convalescents,* 384 Pa. 268, 120 A.2d 535 (1956). An effective restrictive covenant must be "express and plainly stated" because it will be strictly construed against the party seeking enforcement. *Jones, supra* at 273, 120 A.2d at 538.

In determining whether the covenant prohibits the Melvins' use of their property as a mail-order business, we must determine the meaning of "residential" in the covenant. " 'Residence' in its popular as well as its dictionary sense means a place of abode; it is where one lives, either alone, or with one's family." *Grasso v. Thimons,* 384 Pa. Super 593, 597, 559 A.2d 925, 927 (1989), *allocatur denied,* 525 Pa. 612, 577 A.2d 544 (1990) quoting *Gerstell v. Knight,* 345 Pa. 83, 85, 26 A.2d 329, 330 (1942). The words of the covenant— "private, single-family residential purposes *only"* expressly and plainly preclude all non-residential purposes. The Melvins' mail-order business involves their property in a non-residential purpose and therefore violates the restrictive covenant.

The Melvins argue that the covenant in question focuses on the type of structure which can be built on the property and not on the ultimate use of the land. The Melvins claim that since their home is a private, single-family residential structure, the covenant has not been violated. The Melvins point to the fact that other restrictions contained in their chain of title address structure rather than use. Additionally, the Melvins argue that there is no indication from the exterior of the house that a business is being carried on inside. There are no signs, and no customers come to the house. Our Supreme Court distinguished between building and use restrictions in *Jones v. Park Lane for Convalescents, supra.* Building restrictions "are concerned with the physical aspect or external appearance of the buildings" while use restrictions are concerned "with the purposes

for which the buildings are used, the nature of their occupancy, and the operations conducted therein as affecting the health, welfare, and comfort of the neighbors." *Morean v. Duca,* 287 Pa. Super. 472, 476 n.4, 430 A.2d 988, 990 n.4 (1981). The requirement that the premises be used for "residential purposes only" in the Melvins' covenant focuses on the "purposes for which the buildings are used." Although the covenant also refers to private garages being erected, it does so in a separate sentence, leaving the clear focus of the covenant on "private, single-family residential purposes."

In *Morean,* our Superior Court was faced with a different type of at-home business, but the covenant and the analysis of its violation are similar. In that case, the use of the property was limited to "residential and recreational purposes only." The court found that the limiting word "only" prohibited all uses of the property that were neither residential nor recreational. Likewise in the case before us, we find that the limiting word "only" prohibits all uses of the property that are not residential. For the foregoing reasons, we will grant plaintiffs' request for judgment on the pleadings.

In their request for injunctive relief, the Basiles must demonstrate that they will benefit from the granting of such relief. "[E]quity will not enforce a restrictive covenant in the absence of any benefit to the party seeking enforcement of the covenant." *Grasso, supra* at 598, 559 A.2d at 928, quoting *Loeb v. Watkins,* 428 Pa. 480, 240 A.2d 513 (1968). As our Superior Court noted in *Grasso,* residential living is a benefit. The Basiles will forfeit the benefits associated with residential living, including the minimal delivery and employee traffic, if the restrictive covenant is not enforced. Although the Melvins argue that none of the covenants restrict access to the roads in the development and that they could have personal packages delivered and park their own cars in the driveway, Mrs. Basile vocally

and vehemently testified that the additional truck traffic sometimes used her driveway for turning around and that she has been "given the finger" by employees of defendants when she videotaped their comings and goings.

We strongly considered the Melvins' arguments and realize that with technology evolving since the time when covenants of this type were first written, the law may have to evolve with it. The types of home businesses these covenants most likely envisioned prohibiting were beauty shops, automotive garages and the like. Now, people work in their home with only computer terminals. While we understand that times have changed, the Melvins' at-home business involves two things that the covenant does envision preventing—commercial shipping and deliveries and employee traffic. The language of the covenant prohibits all non-residential uses of the properties at Winona Lakes. The Melvins' mail-order business is a commercial use of the premises and thus violates the covenant. If not abated, the plaintiffs will suffer irreparable harm and have no other remedy at law. Since the plaintiffs have prevailed on the merits, an injunction is appropriate.

## ORDER

And now, December 26, 1995, the motion of plaintiffs Frank Basile and Angela Basile for judgment on the pleadings against defendants David B. Melvin and C. Millie Melvin is granted.

From the date of this order, David B. Melvin and C. Millie Melvin are enjoined from operating any business at their premises located at 162 Winona Lakes, East Stroudsburg, PA 18301.

The complaint is dismissed as to defendant Winona Lakes Property Owners Association.